# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS


GERALD C. MANN
XXXIIIXXXXIIXSIIXXXXXXXXX
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. 0-4266
Re: How should the wages of men work-
ing by the month for the various
county commissioners be set?

Your letter of recent date requesting the opinion of this department on the above stated question reads as follows:

"How should the wages of men working by the month for the various commissioners be set, should it be made by each commissioner as he see's fit or should it be made by an order of the Commr. Court and placed in the minutes of the Court."

Article 2351, Vernon's Annotated Civil Statutes provides in part:

"Each commissioners court shall:

" . . . .

"3. Lay out and establish, change and discontinue public roads and highways.

"4. Build bridges and keep them in repair.

"5. Appoint road overseers and apportion hands.

"6. Exercise general control over all roads, highways, ferries and bridges in their counties.

" . . . . ."

Title 116, Chapters 1--5, inclusive, Vernon's Annotated Civil Statutes and amendments thereto contains many statutes with reference to roads, bridges and ferries and the powers and duties of the Commissioners' Courts relative thereto.

Bowie County has a population of 50,244 inhabitants according to the 1940 Federal census. Article 6762, Vernon's Annotated Civil Statutes provides in part:

"In all counties of this State, as shown by the preceeding Federal census to contain as many as 40,000 inhabitants, the members of the Commis- sioners' Court shall be ex officio road commission- ers of their respective precincts; and under the direction of the Commissioners' Court shall have charge of the teams, tools and machinery belonging to the County and placed in their hands by said Court. . ."

Article 6763, Vernon's Annotated Civil Statutes pro- vides in part:

". . . Said Court may employ any hands and teams on the public roads under such regulations and for such prices as they may deem best."

Article 6769, Vernon's Annotated Civil Statutes reads as follows:

"The provisions of this subdivision shall be cumulative of all general laws on the subject of roads, when not in conflict therewith, but in the case of such conflict this law shall control. This law shall not be in operation in any county unless the Commissioners' Court thereof in their judgment may deem it advisable, and then only by an order of said Court when all of the  members are present, made at some regular term thereof, ac- cepting the provisions hereof. Such order shall be entered on the minutes of said Court, and shall not be void for want of form, but a substantial compliance of the provisions hereof shall be sufficient."

There is nothing in your letter that would indicate that the Commissioners' Court of Bowie County has accepted the provisions of the above mentioned statutes which are com- monly referred to as the optional road law. In the absence of any statement to the contrary, for the purposes of this opinion, we assume that the Commissioners' Court of Bowie County has not accepted the provisions of the optional road law and are in no way operating under the same.

Bowie County, as well as a number of other counties, is exempted from certain provisions of Chapter 3, Title 116, Vernon's Annotated Civil Statutes, relative to road superin-

tendents and their duties as contained under the heading of Road Superintendents, subdivision 3 of Chapter 3, Title 116, supra.

Article 6740, Vernon's Annotated Civil Statutes provides for the expenditure of the road and bridge fund of the various counties and Article 6741 provides:

"The Commissioners Court may make and enforce all reasonable and necessary rules and orders for the working and repairing of public roads, and to utilize the labor to be used and money expended thereon, not in conflict with the laws of this State. Said court may purchase or hire all necessary road machinery, tools, or teams, and hire such labor as may be needed in addition to the labor required of citizens to build or repair the roads."

It is stated in Texas Jurisprudence, Vol. 11, p. 632:

"The authority of the commissioners' court as a governing body of a county to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the constitution and laws of the State. . . . .

"The commissioners' court must have authority of law for its contract, and, if the authority has been given, a reasonable construction of it will be given to effect its purpose.

"A contract or agreement made by a county is valid and binding only if made under the authority of a resolution or order duly passed at a meeting of the commissioners' court and entered upon the minutes of such meeting. . . . No rights can be acquired as against the county by agreements with the individuals composing the commissioners' court. The members of the court are not agents with general authority to bind the public;  they are public officials who have been granted certain powers which must be exercised in the way prescribed by the statute.

" . . . . "

It is further stated in Texas Jurisprudence, Vol. 11, p. 635:

"The commissioners' court, in entering into a contract on behalf of the county, may act through

an agent appointed by it; and the contract thus made by a duly appointed agent is binding upon the county. In a suit involving the contract it is necessary to show that the agreement is one which the agent was authorized to make, or that the county, with knowledge of the terms of the agreement , ratified it after it was made.

"Authority to bind the county by contract must come from the commissioners' court acting as a body; it is not sufficient that the individual commissioners may have refrained from objecting to the assumption of such authority by the alleged agent.   . . ."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the wages or compensation of men working by the month for the various County Commissioners should be set or made under the authority of a resolution or order duly passed at a meeting of the Commissioners' Court and entered upon the minutes of such meeting.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc


APPROVED DEC 19, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman